http://www.va.gov/vetapp16/Files2/1617299.txt

Citation Nr: 1617299 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 13-20 244 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas 

THE ISSUE

Entitlement to service connection for a back disorder. 

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States

WITNESSES AT HEARING ON APPEAL

Appellant and spouse

ATTORNEY FOR THE BOARD

Brian J. Milmoe, Counsel

INTRODUCTION

The appellant is a Veteran who served on active duty from May 1953 to May 1955. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision entered in August 2010 by the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas. 

By its decision of February 2015, the Board denied entitlement to service connection for a back disorder and granted entitlement to service connection for bilateral hearing loss and tinnitus. An appeal of the claim denied to the U.S. Court of Appeals for Veterans Claims (Court) followed, and the parties to that appeal thereafter jointly moved the Court to vacate and remand that portion of the Board's decision in which service connection for a back disorder was denied. The Court by its order, dated in February 2016, granted the parties' motion and the case has since been returned to the Board for further review. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900 (c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014). 

The issue on appeal is herein REMANDED to the Agency of Original Jurisdiction (AOJ) and the AOJ will advise the Veteran in writing if further action on his part is necessary. 

REMAND

The basis of the parties' joint motion before the Court was that the Board had failed to support its earlier decision with an adequate statement of reasons and bases and that it did not satisfy its duty to assist. The parties noted that sufficient efforts to obtain medical treatment records from two, private treating medical professionals, Doctors Agent and Currie, had not been undertaken and that a further reassessment of whether an additional VA examination and opinion were needed after obtaining all pertinent treatment records, based on a medical report, dated in August 2010, from another treating chiropractor, Dr. Kaelin, who had indicated that he had treated the Veteran since 1964 for mid-thoracic and lumbar spine pain due to military injury. On behalf of the Veteran, his representative in this matter now before the Board argues that the most recent VA medical examination and nexus opinion with respect to the Veteran's claimed back disorder, as obtained in August 2014, are inadequate based on the VA examiner's failure to consider all pertinent medical and/or lay evidence as to longstanding back pain of the Veteran dating to military service. Such argument is in the Board's view not without merit. 

On the basis of the foregoing, further actions are needed for compliance with the VA's duty to assist. Accordingly, this matter is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). Expedited handling is requested.)

1. Obtain all pertinent VA treatment records not already on file for inclusion in the Veteran's VA claims folder. 

2. Advise the Veteran in writing of the need for VA to obtain all pertinent outstanding records from:

(a) Doctor J. Phil Agent of the Cooper Clinic in Fort Smith, AR, who treated the Veteran in August 2014; and 
(b) Doctor Currie (who treated the Veteran in approximately 1955 in Sallisaw, OK and then "moved somewhere else"); and 
(c) Conrad Kaelin, D.C., of the Kaelin Chiropractic Clinic in Barling, AR from 1964 to the present; and 
(d) any other private medical provider who might have knowledge of his back disorder during postservice years.

Please request that he provide written authorizations to permit VA to contact all known providers for their treatment records involving the Veteran. Once that information is received by VA, efforts are needed by VA to contact each of the medical providers in order to obtain all pertinent records for inclusion in the Veteran's claims folder. 

3. Thereafter, afford the Veteran a VA medical examination in order to assess the nature and etiology of his claimed back disorder. The claims folder should be made available to and reviewed by the VA examiner for use in the study of this case. Such examination should entail the taking of a complete medical history, as well as the conduct of a clinical evaluation and all diagnostic studies deemed warranted by the examiner. All pertinent diagnoses should be fully set forth. 

The VA examiner should then offer a medical opinion with full supporting rationale as to the following:

(a) Is it at least as likely as not (50 percent or greater probability) that any back disorder now present had its onset in service or is otherwise attributable to service or any event therein, inclusive of any claimed injury?

(b) Is it at least as likely as not (50 percent or greater probability) that arthritis of the back was present within the one-year period immediately following the Veteran's service separation in May 1955, and, if so, how and to what degree was it so manifested? 

As to each of the above, the VA examiner should consider fully the Veteran's oral and written testimony, and that of his spouse, with respect to their observations involving back symptoms and manifestations he experienced in service and during postservice years as well as the August 2010 statement of Conrad Kaelin, D.C., that the Veteran had been an intermittent patient since 1964 with an original complaint of mid thoracic and lumbar spine pain due to a military injury and that the Veteran "will always [sic] a residual problems from his lumbar area due to his injury." 

4. Lastly, readjudicate the Veteran's claim for service connection for a back disorder and if the benefit sought is not granted to the Veteran's satisfaction, furnish him a supplemental statement of the case and afford him a reasonable period for a response, before returning the case to the Board for further review. 

No action by the appellant is necessary until he receives further notice. The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).